IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICE WILLIAMS,                       § | |
| § | |
| Plaintiff,       § | |
| § | |
| VS.                                                   § | |
| § | Civil Action No. 3:21-CV-0923-D |
| KILOLO KIJAKAZI,                        § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant.    § | |

MEMORANDUM OPINION

Plaintiff Patrice Williams ("Williams") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Title II disability insurance benefits and Title XVI supplemental security income benefits. Because the Commissioner applied correct legal standards in denying Williams' application and substantial evidence supports denying the application, the Commissioner's decision is AFFIRMED.

I

The court's[1] review of the Commissioner's decision is limited to determining whether the decision is supported by substantial evidence and whether the proper legal standards were

---

[1] To the extent this matter was automatically referred under Special Order No. 3 to the United States Magistrate Judge for case management and to make findings and recommendations to the district judge, *see* ECF No. 19 at 1 (scheduling order referring to Special Order No. 3), the court is withdrawing the reference and deciding this case itself.

applied to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

"The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quotation omitted). It is "more than a mere scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). To make a finding of "no substantial evidence," the court must conclude that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Even if the court should determine that the evidence preponderates in the claimant's favor, the court must still affirm the Commissioner's findings if there is substantial evidence to support these findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner rather than for this court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam).

II

Williams contends that the ALJ's decision is not supported by substantial evidence because she erred by not developing the record concerning the effect of Williams' pain on her mental functioning. An ALJ has a duty to "fully and fairly develop the facts." *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). And "[u]nder some circumstances, . . . a consultative examination is required to develop a full and fair record." *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987) (per curiam). The court will reverse the ALJ for lack substantial evidence if Williams shows "(1) the ALJ failed to fulfill h[er] duty to develop the record adequately and (2) that failure prejudiced the plaintiff." *Sun*, 793 F.3d at 509 (quoting *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012)).

Assuming *arguendo* that the ALJ failed to fulfill her duty to develop the record adequately, Williams has not met her burden to show prejudice. *See Jones*, 691 F.3d at 734-35 ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error."); *see also Hardine v. Kijakazi*, 2022 WL 2070399, at *2 (5th Cir. June 8, 2022) ("To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result." (alteration in original) (quotation omitted)). Williams makes only a conclusory allegation that potential evidence of the effect of her pain on her mental functioning would have altered the result. *See* P. Mot. (ECF No. 26) at 19 ("Plaintiff[] is clearly prejudice[d] and harmed thereby as additional limitations would further erode the occupational base and her ability to engage in sustained work activity."). This conclusory allegation is insufficient to satisfy Williams' burden to

- 3 -

show prejudice from the ALJ's failure to develop the record. *See Jones*, 691 F.3d at 735 ("A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet this burden. But Jones asserts only that 'the records and the findings of Young might tip the balance in plaintiff's favor,' so she has not met her burden to show that any error was harmful." (footnotes omitted)).[2]

Williams also posits that the ALJ erred by relying on the objective evidence of her "active lifestyle" to reject her subjective complaints. An ALJ must consider the plaintiff's subjective evidence of pain. *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (per curiam). But "[i]t is appropriate for the Court to consider the claimant's daily activities when deciding the claimant's disability status." *Leggett*, 67 F.3d at 565 n.12. And an ALJ has discretion to discount a plaintiff's complaints of pain based on her daily activities and other factors. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991) (per curiam) ("It was also within the discretion of the ALJ to discount Griego's complaints of pain based on the medical reports combined with her daily activities and her decision to for[]go certain medications.");

---

[2]Williams also appears to challenge the ALJ's reliance on the opinions of two state medical consultants. Her argument seems to be that the ALJ and the medical consultants did not properly account for her pain and its effect on her mental limitations. If this is Williams' argument, it is misplaced: the medical opinions and the ALJ noted the effect of pain on Williams' mental limitations.

Contrary to Williams' contentions, the medical opinions each stated that "chronic pain affects memory & concentration & focus." R. at 117, 130, 151. Likewise, contrary to Williams' interpretation of the record, the ALJ accorded weight to the opinions of the two state medical consultants "because [each] is consistent with medical evidence and documented symptoms of reduced concentration and focus due to psychological symptoms as well as pain." *Id.* at 29. In other words, both the medical opinions, and the ALJ in relying on those opinions, considered Williams' pain and its effect on her mental limitations.

*Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990) (per curiam) ("[T]he inconsistencies between Reyes' testimony about his limitations and his daily activities were quite relevant in evaluating his credibility."). The court is generally deferential to the ALJ's decisions on these matters. *See Wren*, 925 F.2d at 128 ("Such determinations [determining the extent of the claimant's pain] are entitled to considerable deference.").

Williams appears to contend that it was necessary for the ALJ to connect her discussion of Williams' daily activities with her ability to perform activities in competitive and stressful conditions in the real world. *See* P. Reply (ECF No. 30) at 4 (citing *Wingo v. Bowen*, 852 F.2d 827, 831 (5th Cir. 1988)).[3] The Fifth Circuit rejected an almost identical argument in *Reyes*, where the plaintiff also cited *Wingo*. *See Reyes*, 915 F.2d at 154 ("[Plaintiff contends that the] ALJ improperly considered his performance of household chores, and other daily activities . . . because it does not reflect his ability 'to perform the required physical acts day in and day out in the sometimes stressful conditions in which all

---

[3]In some parts of the briefing, Williams does not appear to dispute the ALJ's reliance on Williams' daily activities *per se*, but challenges the ALJ's "characterization of [her] activities." P. Mot. (ECF No. 26) at 20; P. Reply (ECF No. 30) at 4.

The ALJ noted that Williams maintains an active lifestyle, including exercising on a rowing machine and elliptical; she performs simple tasks, such as driving a car and shopping; and she manages her finances. Although Williams points to other evidence that she contends show a less-than-active lifestyle, resolution of conflicting evidence is for the Commissioner rather than for this court. *See Patton*, 697 F.2d at 592; *see also McCray v. Kijakazi*, 2022 WL 301544, at *3 (5th Cir. Feb. 1, 2022) (per curiam) ("The Commissioner also references specific record evidence supporting the finding that she was able to perform light work activity. We agree that substantial evidence within the relevant period supports the ALJ's findings.").

people work in the real world.'" (quoting *Wingo*, 852 F.2d at 831)). The court distinguished *Wingo* because it involved an ALJ's reliance on daily activities "to form his conclusions despite substantial contrary evidence." *Id.* at 154-55. And the court reaffirmed that inconsistencies between daily activities and subjective complaints are relevant and that the ALJ could consider the inconsistencies between those subjective complaints and daily activities. *Id.* at 155 ("None of the cases hold that the ALJ cannot consider evidence of daily activities in conjunction with other evidence."). Accordingly, the court holds that the ALJ did not err in relying, in part, on Williams' daily activities.

\* \* \*

Accordingly, the Commissioner's decision is AFFIRMED.

June 21, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE